**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

JOSE LUIS PADILLA,

      Petitioner,

vs.

UNITED STATES OF AMERICA,

      Respondent.

No. C 06-4082-MWB
(No. CR 03-4003-MWB)

**MEMORANDUM OPINION AND
ORDER REGARDING
PETITIONER'S SECTION 2255
MOTION**

_____

**TABLE OF CONTENTS**

*I.* **INTRODUCTION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *A.* **Charges And Plea** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2
    *B.* **Sentencing** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *C.* **Appeal** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3
    *D.* **Section 2255 Motion** . . . . . . . . . . . . . . . . . . . . . . . . . . 4

*II.* **LEGAL ANALYSIS** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5
    *A.* **Standards For Relief Pursuant To § 2255** . . . . . . . . . . . . . . . 5
    *B.* **Preliminary Matters** . . . . . . . . . . . . . . . . . . . . . . . . . . . 7
    *C.* **Ineffective Assistance Of Counsel** . . . . . . . . . . . . . . . . . . . . 8
        *1.* ***Applicable Standards*** . . . . . . . . . . . . . . . . . . . . . 8
        *2.* ***Failure To Use A Court Certified Interpreter*** . . . . . . . . . . . 11
        *3.* ***Interpreter Interference in Attorney-Client Relationship*** . . . . 13
        *4.* ***Using Government Agent As Interpreter*** . . . . . . . . . . . . . 15
        *5.* ***Failure To Object To Dishonoring Of Plea Agreement*** . . . . . 16
        *6.* ***Failure To Object To Role In The Offense*** . . . . . . . . . . . 18
        *7.* ***Failure To Preserve Blakely Issue*** . . . . . . . . . . . . . . . . 21
        *8.* ***Failure To Object To Role In Offense On Appeal*** . . . . . . . . 23
        *9.* ***Failure To File Writ Of Certiorari*** . . . . . . . . . . . . . . . . 25

   **10. *Inducement To Agree To Transfer To Iowa*** . . . . . . . . . . . . 26
  **D. Certificate Of Appealability** . . . . . . . . . . . . . . . . . . . . . . . . . . 27

**III. CONCLUSION** . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 29

## I. INTRODUCTION

  This matter comes before the court pursuant to petitioner Jose Luis Padilla's October 2, 2006, *pro se* Motion under 28 U.S.C. § 2255, To Vacate, Set Aside Or Correct Sentence By A Person In Federal Custody (docket no. 1) ("Motion"). Padilla claims that his trial counsel provided ineffective assistance of counsel in various ways. The prosecution denies that Padilla is entitled to any relief on his claims.

### A. Charges And Plea

  On January 22, 2003, Padilla was charged, by a one-count indictment (CR03-4003, docket no. 4), with conspiracy to distribute 500 grams or more of methamphetamine. On March 3, 2003, Padilla initially appeared before Chief United States Magistrate Judge Paul A. Zoss and pleaded not guilty. *See* CR03-4003 docket no. 15. By Order (CR03-4003, docket no. 16), of March 6, 2003, Judge Zoss set trial in the matter for May 5, 2003. On April 22, 2003, Judge Zoss ordered, upon Stipulation by both parties, that the trial be continued to July 28, 2003. *See* CR03-4003, docket nos. 37, 38. By Order (CR03-4003, docket no. 47), of June 27, 2003, Judge Zoss set a change of plea hearing for Padilla on July 25, 2003. By Order (CR03-4003, docket no. 48), of July 14, 2003, the undersigned scheduled a sentencing hearing for October 24, 2003. Padilla filed a Notice Of Intent To Plead Guilty (CR03-4003, docket no. 54) on July 25, 2003 and appeared before Judge

Zoss to change his plea to guilty. *See* CR03-4003, docket no. 52. On July 25, 2003, Judge Zoss also filed a Report And Recommendation To Accept Guilty Plea (CR03-4003, docket no.55). By Order (CR03-4003, docket no. 61), of August 11, 2003, the undersigned accepted the Report And Recommendation, thereby accepting Padilla's plea of guilty.

## B. Sentencing

By Order (CR03-4003, docket no. 64), of October 9, 2003, the undersigned scheduled a sentencing hearing for November 21, 2003. On November 21, 2003, Padilla appeared before the undersigned for sentencing. *See* CR03-4003, docket no. 66. Padilla was sentenced to 210 months, followed by supervised release for five years and was assessed a $100 special assessment. *See* CR03-4003, docket no. 67. Padilla's sentence was at the lower end of the guideline range. *See* CR03-4003, docket no. 67.

## C. Appeal

On November 24, 2003, Padilla filed a Notice Of Appeal (CR03-4003, docket no. 70) with the United States Court of Appeals for the Eighth Circuit. On May 24, 2005, the Eighth Circuit Court of Appeals entered an Order (CR03-4003, docket no. 94), holding that the District Court's application of mandatory sentencing guidelines, combined with its findings concerning drug quantity and role in the offense, was contrary to the Sixth Amendment, as applied in *Booker*, but held that, under the plain error standard of review, Padilla's sentence would be upheld because Padilla was unable to show that there was a "reasonable probability" that he would have received a more favorable sentence if the district court had applied the advisory guideline regime announced in *Booker*. *See* CR03-

4003, docket no. 94.  Thus, the Eighth Circuit Court of Appeals affirmed the judgment of the district court.  *See* CR03-4003, docket no. 95.

### D.  Section 2255 Motion

On October 2, 2006, Padilla filed this *pro se* Motion Under 28 U.S.C. § 2255 To Vacate, Set Aside, Or Correct Sentence By A Person In Federal Custody (docket no. 1)("Motion").  Padilla claims that his trial counsel provided ineffective assistance of counsel in various ways.  The prosecution denies that Padilla is entitled to any relief on his claims. On October 25, 2006, Padilla filed a *pro se* Motion To Amend Or Supplement (docket no. 2), his § 2255 Motion to provide additional argument and citation in support of his assertions.  The court, by Order (docket no.3), granted Padilla's Motion To Amend Or Supplement his § 2255 Motion.

By Order (docket no. 4), the court required the prosecution to file a brief in response to Padilla's Motion on or before June 1, 2007 and ordered Padilla to file any brief in reply by June 29, 2007.  The prosecution filed a Response (docket no. 5) to Padilla's Motion on June 1, 2007.  On July 2, 2007, Padilla filed a *pro se* Motion For Extension Of Time To File A Traverse Of Government's Response (docket no. 6).  By Order (docket no. 7), the undersigned granted Padilla's Motion For Extension Of Time requiring Padilla to file a reply brief by July 31, 2007.  On July 30, 2007, Padilla filed a *pro se* Reply Brief. (docket no. 8).  The court will construe this document as a request for a hearing regarding Padilla's Motion.  On August 6, 2007, Padilla filed a document titled Traverse Of Government's Response To Petitioner's Motion (docket no. 9), addressing the arguments made by the prosecution in its Response filed on June 1, 2007.  On August 7, 2007, Padilla filed a Motion To Consolidate (docket no. 10) what he called his Traverse with his Reply Brief filed on July 30, 2007.  The Court grants Padilla's Motion to Consolidate what

he has entitled his Traverse with his Reply Brief filed on July 30, 2007, and proceeds to consider his claims on the merits.

## II. LEGAL ANALYSIS

### A. Standards For Relief Pursuant To § 2255

Turning to the legal analysis of Padilla's claims, in light of the evidence in the record, the court notes, first, that 28 U.S.C. § 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground [1] that the sentence was imposed in violation of the Constitution or laws of the United States, or [2] that the court was without jurisdiction to impose such sentence, or [3] that the sentence was in excess of the maximum authorized by law, or [4] is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

28 U.S.C. § 2255; *Watson v. United States,* 493 F.3d 960, 963 (8th Cir. 2007) ("Under 28 U.S.C. § 2255 a defendant in federal custody may seek post conviction relief on the ground that his sentence was imposed in the absence of jurisdiction or in violation of the Constitution or laws of the United States, was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."); *Bear Stops v. United States*, 339 F.3d 777, 781 (8th Cir. 2003) ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). Thus, a motion pursuant to § 2255 "is 'intended to afford federal prisoners a remedy identical in scope to federal habeas corpus.'" *United States v. Wilson*, 997 F.2d 429, 431 (8th Cir. 1993) (quoting *Davis v. United States*, 417 U.S. 333, 343 (1974)); *accord Auman v. United States*, 67 F.3d 157, 161 (8th Cir. 1995) (quoting *Wilson*). On the other hand,

> Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, *United States v. Frady*, 456 U.S. 152, 167-68, 102 S. Ct. 1584, 1594-95, 71 L. Ed. 2d 816 (1982), or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice. *See United States v. Smith*, 843 F.2d 1148, 1149 (8th Cir. 1988) (*per curiam*).

*Ramey v. United States*, 8 F.3d 1313, 1314 (8th Cir. 1993) (*per curiam*); *accord Johnson v. United States*, 278 F.3d 839, 844 (8th Cir. 2002) ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'") (quoting *Bousley v. United States*, 523 U.S. 614, 622 (1998), with citations omitted).

The "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht v. United States*, 403 F.3d 541, 545 (8th Cir. 2005). Otherwise, "[t]he Supreme Court recognized in *Bousley* that 'a claim that "is so novel that its legal basis is not reasonably available to counsel" *may* constitute cause for a procedural default.'" *United States v. Moss*, 252 F.3d 993, 1001 (8th Cir. 2001) (quoting *Bousley*, 523 U.S. at 622, with emphasis added, in turn quoting *Reed v. Ross*, 468 U.S. 1, 16 (1984)). "Actual prejudice" requires a showing that the alleged error "'worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions.'" *Johnson*, 278 F.3d at 844 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1981), and explaining, further, that the movant must show that there is a substantial likelihood that, absent the error, a jury would have acquitted him of the charged offense). To establish "actual innocence," as an alternative way to resuscitate a procedurally defaulted claim, "'petitioner must demonstrate that, in light of all the evidence, it is more likely than not that no reasonable juror would have

convicted him.'" *Id.* (quoting *Bousley*, 523 U.S. at 623). "'This is a strict standard; generally, a petitioner cannot show actual innocence where the evidence is sufficient to support a [conviction on the charged offense].'" *Id.* (quoting *McNeal v. United States*, 249 F.3d 747, 749-50 (8th Cir. 2001)).

The Eighth Circuit Court of Appeals will review the district court's decision on a § 2255 motion *de novo*, regardless of whether the district court's decision grants or denies the requested relief. *Compare United States v. Hilliard*, 392 F.3d 981, 986 (8th Cir. 2004) ("We review the district court's decision to grant or deny relief on a petitioner's ineffective assistance of counsel claim de novo.") (citing *United States v. White*, 341 F.3d 673, 677 (8th Cir. 2003)); *with United States v. Hernandez*, 436 F.3d 851, 854 (8th Cir. 2006) ("'We review de novo the district court's denial of a section 2255 motion.'") (quoting *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005)). However, "[a]ny underlying fact-findings are reviewed for clear error.'" *Hernandez*, 436 F.3d at 855 (quoting *United States v. Davis*, 406 F.3d 505, 508 (8th Cir. 2005)).

With these standards in mind, the court turns to analysis of Padilla's claims for § 2255 relief.

## B.  Preliminary Matters

Padilla has requested an evidentiary hearing on his Motion. "A district court does not err in dismissing a movant's section 2255 motion without a hearing if (1) the movant's 'allegations, accepted as true, would not entitle' the movant to relief, or '(2) the allegations cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statements of fact.'" *Buster v. United States*, 447 F.3d 1130, 1132 (8th Cir. 2006) (quoting *Sanders v. United States*, 341 F.3d 720, 722 (8th Cir. 2003), with citation and quotation marks omitted); *See* 28 U.S.C. §2255.  In this case,

the court concludes that no evidentiary hearing is required on any issue, because the record conclusively shows that Padilla's allegations, if accepted as true, would not entitle him to relief because he can demonstrate no prejudice and further that Padilla's allegations cannot be accepted as true because they are contradicted by the record.

Some of Padilla's claims appear to be procedurally defaulted, in that they were not raised at trial or on direct appeal. *See Ramey v. United States*, 8 F.3d 1313, 1314 ("Section 2255 relief is not available to correct errors which could have been raised at trial or on direct appeal, absent a showing of cause and prejudice, or a showing that the alleged errors were fundamental defects resulting in a complete miscarriage of justice." (internal citations omitted)); *accord Johnson v. United States*, 278 F.3d 839, 844 ("In order to obtain collateral review of a procedurally defaulted issue, [a § 2255 movant] must show 'either cause and actual prejudice, or that he is actually innocent.'" (quoting *Bousley*, 523 U.S. at 622, with citations omitted)). However, as noted above, the "cause and prejudice" that must be shown to resuscitate a procedurally defaulted claim may include "ineffective assistance of counsel." *See Becht*, 403 F.3d at 545. The court will assume, without deciding, that Padilla can show "cause and prejudice" to overcome defaulted claims, *inter alia*, as the result of "ineffective assistance" of trial or appellate counsel. Therefore, the court will pass on to the merits of Padilla's claims for § 2255 relief.

## C. Ineffective Assistance Of Counsel

### 1. Applicable Standards

Padilla asserts that his trial counsel provided him with ineffective assistance of counsel by using the services of an interpreter who interfered with the attorney-client relationship to such an extent that Padilla was constructively denied his right to counsel; by failing to use an official court-certified interpreter; by using a government agent as an

interpreter; by failing to object to the dishonoring of a plea agreement at sentencing; by failing to challenge the prosecution's position regarding Padilla's role in the offense at sentencing and on appeal; by failing to raise a Sixth Amendment objection to sentencing petitioner pursuant to mandatory sentencing guidelines thereby depriving petitioner of his *Blakely* argument; by failing to file a Writ of Certiorari; and by failing to apply for a transfer pursuant to Rule 20 of the Federal Criminal Rules of Procedure.

The Sixth Amendment to the United States Constitution provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. CONST. AMEND. VI. Thus, a criminal defendant is constitutionally entitled to the effective assistance of counsel both at trial and on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396 (1985); *Bear Stops v. United States*, 339 F.3d 777, 780 (8th Cir. 2003); *see also Steele v United States,* 518 F.3d 986, 988 (8th Cir. 2008). By the same token, "ineffective assistance of counsel" could result in the imposition of a sentence in violation of the Constitution or laws of the United States. 28 U.S.C. § 2255; *Bear Stops*, 339 F.3d at 781 ("To prevail on a § 2255 motion, the petitioner must demonstrate a violation of the Constitution or the laws of the United States."). The Eighth Circuit Court of Appeals has expressly recognized that a claim of ineffective assistance of counsel should be raised in a § 2255 proceeding, rather than on direct appeal, because it often involves facts outside of the original record. *See United States v. Hughes*, 330 F.3d 1068, 1069 (8th Cir. 2003) ("When claims of ineffective assistance of trial counsel are asserted on direct appeal, we ordinarily defer them to 28 U.S.C. § 2255 proceedings."). Thus, whether or not Padilla is entitled to relief on his

§ 2255 motion turns on whether or not he can satisfy the standards applicable to his "ineffective assistance" claims.

As the Eighth Circuit Court of Appeals has explained, "'The applicable law here is well-established: post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]").

The "deficient performance" prong requires the movant to "show that his 'counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment.'" *United States v. Rice*, 449 F.3d 887, 897 (8th Cir. 2006) (quoting *Strickland*, 466 U.S. at 687). That showing can be made by demonstrating that counsel's performance "'fell below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). There are two substantial impediments to making such a showing, however. First, "'[s]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*,

423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Even if counsel's performance was "deficient," the movant must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997).

### 2.    *Failure To Use A Court Certified Interpreter*

Padilla claims that he was constructively denied the services of an interpreter at his plea hearing. Padilla claims that his attorney told him that the interpreter used at the plea hearing was a court certified interpreter, when in fact, the interpreter was not. (Motion at 10).

The prosecution argues that the ultimate question in determining whether Padilla received ineffective assistance of counsel on the ground that the interpreter was not court certified is whether the interpreter's performance rendered the hearing fundamentally unfair, citing *United States v. Gonzalez*, 339 F.3d 725, 728 (8th Cir. 2003) (a case decided approximately two weeks after Padilla's plea hearing) (Pros. Mem. at 12). Additionally, the prosecution has produced an affidavit from Padilla's attorney stating that at no time before or during the plea hearing, did Padilla object to the performance of the interpreter. (Pros. Mem. Ex. B. at 4).

There is no record of Padilla objecting to his interpreter's qualifications during his plea hearing. *See* CR 03-4003, docket no. 52. Padilla cannot now assert as error the lack of an interpreter at the plea hearing when he proceeded with the hearing on the basis that he understood the proceedings with the aid of the interpreter and repeatedly assured the court that he understood the proceedings, and the full range of possible sentence options, stating that he "understood perfectly well." *See* Sent. Transcript; see *also United States v. Maldonado*, 241 Fed. Appx. 343, 344 (8th Cir. 2007)( citing *Voytik v. United States,* 778 F.2d 1306, 1308 (8th Cir. 1985)(defendant's representations during plea-taking hearing carry strong presumption of verity and pose formidable barrier in any subsequent collateral proceedings)). Further, Padilla's attorney indicates that Padilla did not complain to him about the services of his interpreter, nor about the interpreter's qualifications. (Pros. Mem. Ex. B. at 4). Thus, once a person has entered a guilty plea any subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible. *Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988) (citing *Blackledge v. Allison*, 431 U.S. 63, 71 (1976)). This court finds Padilla's allegations that he was unhappy with the services provided by his interpreter or that he was concerned about the interpreter's qualifications,

unconvincing and wholly incredible based on the record. Based on this finding the Court cannot conclude that Padilla's counsel's conduct fell below an objective standard of reasonableness. *See Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688).

Further, this Court finds that Padilla has not sufficiently established prejudice under the standard established by the Supreme Court in *Hill* because nowhere does he assert in his pleadings that "he would not have pleaded guilty and would have insisted on going to trial" had he been provided with a court certified interpreter. *See Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988) citing *Blackledge v. Allison*, 431 U.S. 63, 71 (1976). The allegation that a court-certified interpreter would have been preferable is simply not enough because it "does not provide the type of information which would allow an intelligent assessment of the likelihood that Tran would not have plead guilty." *Id.* Because Padilla cannot establish prejudice, his claim will not succeed on his assertion that his attorney provided ineffective assistance of counsel by using the services of an interpreter who was not court-certified.

### 3. *Interpreter Interference in Attorney-Client Relationship*

Padilla asserts that his counsel provided ineffective assistance of counsel by allowing the interpreter used during meetings which occurred before Padilla's plea hearing and aldo used to interpret during Padilla's plea hearing, to interfere with the attorney client relationship. (Motion at 7-8). Padilla claims that the interpreter "volunteered advice and suggestions to the Movant both in and outside the presence of defense counsel in such a manner that he caused the Movant to lose confidence in his ability to communicate safely and with privilege with his counsel." (Motion at 8). Padilla asserts that he informed his attorney about his concerns regarding the interpreter. (Mem. in Support at 6).

The prosecution argues that Padilla's arguments regarding the interpreter are without merit, producing an affidavit from the interpreter declaring that he did not provide any advice to Padilla and did not claim to be an attorney (Pros. Mem. Ex. A), as well as an affidavit from Padilla's attorney declaring that Padilla made no complaints to him about the actions of the interpreter at any time prior to Padilla's sentencing. (Pros. Mem. Ex. B). Further, the interpreter states that he interpreted for Padilla only four times and was alone with Padilla on those four occasions for at most a minute, and that he never speaks to defendants outside the presence of their attorneys. (Pros. Mem. Ex. A).

This court also notes that Padilla's attorney used additional interpreters in handling the case. (Mem. in Support at 5). There is no indication in Padilla's filings that he ever complained to any other interpreter about the services of the interpreter in question in this Motion. There is no indication that, when given the opportunity to raise any concerns about interpretation during his plea hearing, Padilla informed the court about his concerns regarding the interpreter. *See* CR 03-4003, docket no. 52. Padilla also did not indicate, at any point in time during his plea hearing, that he felt that his attorney had provided a deficient interpreter or that there was any interference in the attorney-client relationship. *See* CR 03-4003, docket no. 52. This court does not find Padilla's concerns and allegations regarding the actions of the interpreter to be credible. *See Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988) (citing *Blackledge v. Allison*, 431 U.S. 63, 71 (1976)). Based on this finding, the Court cannot conclude that the performance of Padilla's counsel fell below an objective standard of reasonableness. *See Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688).

Further, this court finds that Padilla cannot demonstrate prejudice, with regard to this claim, under the standard established by the Supreme Court in *Hill* because nowhere does he assert that "he would not have pleaded guilty and would have insisted on going to

14

trial" had he been provided with a different interpreter. *See Tran v. Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988) citing *Blackledge v. Allison*, 431 U.S. 63, 71 (1976). Because Padilla cannot establish prejudice, his claim will not succeed on the argument that his attorney allowed the interpreter to interfere in the attorney-client relationship to such an extent that he was denied effective assistance of counsel.

### 4.      Using Government Agent As Interpreter

Padilla argues that his attorney was ineffective because the interpreter used for meetings prior to the plea hearing and used during the plea hearing, was a government agent. (Mem. in Support at 4). Padilla claims that his interpreter was not only employed as a jailer, but was a government agent, used to provide information to the prosecution. (Mem. in Support at 4). The prosecution does not address this allegation in its Response.

Padilla does not produce any evidence that the interpreter was a government agent other than the simple fact that the interpreter was employed as a jailer. There is no evidence that the interpreter revealed attorney client confidences to the government. The Eighth Circuit Court of Appeals has held that as long as no communication or information gained in meetings attended by an alleged government agent is communicated to the prosecution, there is no Sixth Amendment violation. *See Grady v. United States*, 715 F2d 402, 405 (8th Cir. 1983) (citing *Weatherford v. Bursey*, 429 U.S. 545, 556 (1977)). Therefore, without evidence of communications being revealed to the prosecution, Padilla cannot establish that his counsel's performance with regard to the use of the interpreter fell below an objective standard of reasonableness. *See Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688).

Further, this court finds that Padilla cannot establish prejudice because nowhere does he assert in his pleadings that "he would not have pleaded guilty and would have insisted on going to trial" had he been provided with a different interpreter. *See Tran v.*

*Lockhart*, 849 F.2d 1064, 1068 (8th Cir. 1988) citing *Blackledge v. Allison*, 431 U.S. 63, 71 (1976). Because Padilla cannot establish prejudice, his claim will not succeed on the grounds that his attorney used a government agent as an interpreter.

### 5.    *Failure To Object To Dishonoring Of Plea Agreement*

Padilla claims that his attorney was ineffective for failing to object to the fact that the prosecution failed to honor a plea agreement. (Motion at 8). Padilla claims that he accepted a plea agreement that would result in a sentence of four to five years, but that, at sentencing, he received 210 months. (Motion at 8) (Mem. in Support at 9).

The prosecution first addresses the issue by stating that there was never a written plea agreement in this case. (Pros. Mem. at 10). Further, the prosecution states that if there had been an early estimation of a lower sentence, it might have been based on application of the safety valve and would have required Padilla to debrief with the government, which Padilla never did. (Pros. Mem. at 11). In support of its position, the prosecution has produced an affidavit from Padilla's attorney stating that the attorney discussed the possible application of the safety valve and comparative sentencing options with Padilla. (Pros. Mem. Ex. B. at 2). The attorney states that the prosecution never offered Padilla a plea agreement and that none was ever accepted by Padilla. (Pros. Mem. Ex B. at 3).

Before this court can determine whether or not Padilla's trial counsel provided ineffective assistance of counsel by failing to object to the prosecution's alleged breach of a plea agreement, the court must first find that the plea agreement did, in fact, exist and was breached. When a guilty plea is induced by an agreement, the government must abide by its terms. *United States v. Lovelace*, 565 F.3d 1080, 1087 (8th Cir, 2009)(citing *United States v. E.V.*, 500 F3d 747, 754 (8th Cir. 2007) (holding that the government breached the plea agreement by arguing that U.S.S.G. § 2D1.1(b) applied when the agreement stated

the opposite)); *United States v. Mosley*, 505 F.3d 804, 808-09 (8th Cir. 2007) (finding a breach when the government cited defendant's pre-plea statements when refusing to abide by the plea agreement); *United States v. Granados*, 168 F.3d 343, 345-46 (8th Cir. 1999) (*per curiam*) (when the plea agreement identified a drug quantity for sentencing, the government breached the agreement by not objecting to the higher quantity in the PSR). Plea agreements are contractual in nature and should be interpreted according to general contract principles. *United States v. Leach*, 562 F.3d 930, 935 (8th Cir. 2009) (citing *United States v. Sanchez*, 508 F.3d 456, 460 (8th Cir. 2007)). A material promise by the government, which induces the defendant to plead guilty, binds the government to that promise. Plea agreements are contracts that must be fulfilled. *See Santobello v. New York*, 404 U.S. 257, 262 (1971). The party asserting the breach has the burden of establishing a breach. *Leach* , 562 F.3d at 935 (citing *United States v. Smith*, 429 F.3d 620, 630 (6th Cir. 2005)). Here the court is not convinced that there was any plea agreement in existence. There was no written plea agreement and both the prosecution and Padilla's attorney state that there was never any plea agreement. The record indicates that during his plea hearing, prior to pleading guilty, Padilla was advised that there was no plea agreement and that his sentencing range would be between 135 to 168 months without a role enhancement and between 168 to 210 months with a role enhancement. *See* CR 03-4003, docket no. 86 at 20 - 21. Under these circumstances, this court cannot find that the prosecution breached any plea agreement with Padilla.

Because this court determines that the prosecution did not breach any plea agreement in this case, Padilla cannot establish that his trial counsel was deficient for failing to object to the prosecution's failure to comply with any plea agreement. His counsel's conduct did not fall "below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant

fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

However, even if Padilla were able to establish that his counsel's performance was deficient, this court believes that Padilla cannot establish that he was prejudiced by his trial counsel's performance. Even if there had been an oral plea agreement in this case, it would not have bound the district court. Fed. R. Crim. P. 11(c)(1)(B). *Lovelace* , 565 F.3d at 1088 (citing *United States v. Norris*, 486 F.3d 1045, 1047 n.1 (8th Cir. 2007) (*en banc*) (*plurality opinion*) (plea agreement does not bind the court.")). Post-conviction relief will not be granted on a claim of ineffective assistance of trial counsel unless the petitioner can show not only that counsel's performance was deficient but also that such deficient performance prejudiced his defense.'" *United States v. Ledezma-Rodriguez*, 423 F.3d 830, 836 (8th Cir. 2005) (quoting *Saunders v. United States*, 236 F.3d 950, 952 (8th Cir. 2001), in turn citing *Strickland v. Washington*, 466 U.S. 668, 687 (1984)); *Davis v. Norris*, 423 F.3d 868, 877 (8th Cir. 2005) ("To prove that his counsel rendered ineffective assistance in violation of the Sixth Amendment, [the movant] must satisfy the two prong test outlined in *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)," which requires the movant to "show that his counsel's performance was deficient" and that he was "prejudice[d]"). Because Padilla cannot show that he was prejudiced by his trial counsel's performance, relief cannot be granted on this ground.

### 6.     *Failure To Object To Role In The Offense*

Padilla asserts that his counsel provided ineffective assistance of counsel by failing to investigate Padilla's role as a mere "mule" in the crime and subsequently failed to use Padilla's minimal role in the offense to reduce Padilla's sentence. (Motion at 9).

The prosecution argues that Padilla's counsel did object to the enhancement for aggravating role in the offense by filing objections to the section of the Pre-Sentence Report that recommended a two-level increase for being an organizer, leader, manager, or supervisor of the criminal activity. (Pros. Mem. at 11). The prosecution also indicates that Padilla's attorney argued at the sentencing hearing that Padilla was merely a participant in the crime and not a leader or supervisor. (Pros. Mem. at 11).

Padilla's counsel did file objections to the portion of the PSI that indicated that Padilla was a manager or supervisor. *See*, CR 03-4003; Sent. Trans. at 2-3. At Padilla's sentencing hearing, his attorney argued that he was merely a participant in the conspiracy and not an organizer, leader, manager, or supervisor. (CR 03-4003, Sent. Trans. at 39). The prosecution presented two witnesses at the sentencing hearing to establish that Padilla was more than a mere mule and was an organizer, leader, manager or supervisor, thus arguing that a two-level enhancement was appropriate. *See* CR 03-4003, docket no. 87.

If a defendant was a manager or supervisor of a criminal activity that did not involve five or more participants and was not otherwise extensive, then a district court should increase the defendant's offense level by two levels. *U.S.S. G. § 3B1.1(c)*. For a two-level managerial role enhancement to apply, it is only necessary that the defendant supervise or manage one other participant. *United States v. Parish*, 565 F.3d 528, 532 (8th Cir. 2009) (citing *United States v. Jimenez-Gutierrez*, 425 F.3d 1123, 1124 (8th Cir. 2005)). The government has the burden of proving by a preponderance of the evidence that the aggravating role enhancement is warranted. *United States v. Vasquez*, 552 F.3d 734, 737 (8th Cir. 2009) (quoting *United States v. Garcia-Hernandez*, 530 F.3d 657, 665 (8th Cir. 2008)). Decision-making authority is strong evidence that a defendant is an organizer or leader. *United States v. Antillon-Castillo*, 319 F.3d 1058, 1060 (8th Cir. 2003) (Affirming organizing role enhancement for defendant who recruited two drivers for drug deal on basis

that "leader" is broadly interpreted); *United States v. Maejia,* 928 F.2d 810, 816 (8th Cir. 1991). A defendant need not be the leader of an organization or lead 'all of the other participants in the activity' in order to be a leader under 3B1.1. *See United States v. Antillon-Castillo*, 319 F.3d 1058, 1060 (8th Cir. 2003) (quoting *United States v. Bahena*, 223 F.3d 797, 804 (8th Cir. 2000)).

Padilla admitted that he was a participant in the conspiracy, but his role in the conspiracy remained an issue at his sentence hearing. *See* CR03-4003, docket no. 87. The prosecution presented testimony establishing that Padilla was known by one other co-conspirator as being in charge of at least one other co-conspirator and for obtaining drugs from California. *See* CR03-4003; Sent. Trans. at 11-12. Further, the prosecution presented additional witness testimony establishing that Padilla made arrangements and provided money for and purchased cars to be used to drive drugs from California to Sioux City, Iowa, made contact with the driver in California and purchased plane tickets for the driver back to Iowa on at least one occasion when the drugs were not ready to be delivered by car. *See* CR03-4003, docket no. 87, Sent. Trans. at 27-30. The court found that the prosecution had established, by a preponderance of the evidence, that Padilla had engaged in a supervisory role in the conspiracy by purchasing cars and by directing the activities of the driver of the car containing the drugs both in California and in Iowa. *See* CR03-4003 docket no. 87; Sent. Trans. at 43.

This court cannot find that Padilla's attorney failed to object to the enhancement based on Padilla's role in the offense. His attorney objected to the role enhancement by objecting to the relevant section of the Pre-Sentence Report and argued against the enhancement at Padilla's sentencing hearing, based on the argument that Padilla was merely a participant, a "mule," acting at the direction of others. Padilla's attorney argued this position at the sentencing hearing and cross-examined the prosecution's witnesses in this

vein. Padilla has not indicated what more his attorney could have been expected to do. Padilla cannot establish that his attorney provided ineffective assistance of counsel because he cannot establish that the attorney's conduct fell "below an objective standard of reasonableness.'" *Wiggins v. Smith*, 539 U.S. 510, 522 (2003) (quoting *Strickland*, 466 U.S. at 688). If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim. *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

Further, if it were to consider the issue of prejudice, this court would determine that Padilla has not sufficiently plead prejudice. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997). Given the strong evidence of his aggravating role in the offense, this court does not believe that the court would have had any reason to determine that the two-level enhancement for Padilla's role in the offense was inappropriate in this case.

### 7. *Failure To Preserve Blakely Issue*

Padilla asserts that his attorney provided ineffective assistance of counsel by failing to object to sentencing him pursuant to mandatory sentencing guidelines, thereby depriving

him of his future *Blakely* argument. (Motion at 9). Padilla argues that the Court's imposition of the two-level enhancement for an aggravating role in the offense was based on facts that were not admitted by defendant and were not decided by the jury, in violation of his right to trial by jury.

The prosecution argues that Padilla makes this argument based on a misreading of the decision issued in his case on appeal to the Eighth Circuit Court of Appeals. (Pros. Mem. at 12). The prosecution further asserts that even if Padilla had, indeed, had a valid *Blakely* claim he would not be able to establish that he had been prejudiced by his counsel's actions. (Pros. Mem. at 12).

Padilla cannot claim that he was wrongfully denied the benefit of *Apprendi*, as subsequently interpreted in the Supreme Court's decisions in *Blakely* and *Booker*. *Blakely* and *Booker* held that, at least under a mandatory guidelines system, the sentencing judge may not impose guidelines sentencing increases based on determinations of facts that were not found by a jury beyond a reasonable doubt nor admitted by the defendant. However, *Blakely* and *Booker* were handed down after Padilla was sentenced. Every federal court of appeals, including the Eighth Circuit Court of Appeals, to consider the issue has held that *Booker* and/or *Blakely* do not apply retroactively to cases on collateral review. *See Lefkowitz v. United States*, 446 F.3d 788, 791 (8th Cir. 2006) (*Booker*); *United States v. Hernandez*, 436 F.3d 851, 855 (8th Cir.) (*Blakely* and *Booker*), *cert. denied*, 547 U.S. 1172 (2006); *Never Misses A Shot v. United States*, 413 F.3d 781, 783 (8th Cir. 2005) (*per curiam*) (*Blakely* and *Booker*); see *also In re Zambian*, 433 F3d 886, 889 (D.C.Cir. 2006) (*Booker*); *United States v. Gentry*, 432 F.3d 600, 606 (5th Cir. 2005) (*Booker*); *United States v. Morris*, 429 F.3d 65,72 (4th Cir. 2005) (*Booker*), *cert denied*, 549 U.S. 852 (2006); *Schardt v. Payne*, 414 F.3d 1025, 1036 (9th Cir. 2005) (*Blakely*); *United States v. Bellamy*, 411 F.3d 1182, 1188 (10th Cir. 2005) (*Booker*); *In re Elwood*, 408 F.3d 211, 212

(5th Cir. 2005) (*Booker*); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (*Blakely* and *Booker*); *Lloyd v. United States*, 407 F.3d 608, 615-16 (3rd Cir. 2005) (*Blakely* and *Booker*); *Guzman v. United States*, 404 F.3d 139, 143-44 (2d Cir. 2005) (*Booker*); *In re Olopade*, 403 F.3d 159, 164 (3rd Cir. 2005) (*Booker*); *Varela v. United States*, 400 F.3d 864, 868 (11th Cir. 2005) (*Blakely* and *Booker*); *United States v. Price*, 400 F.3d 844, 845 (10th Cir. 2005) (*Blakely* and *Booker*); *Bey v. United States*, 399 F.3d 1266, 1269 (10th Cir. 2005) (*Booker*); *Humphress v. United States*, 398 F.3d 885, 857 (6th Cir. 2005) (*Booker*); *Green v. United States*, 397 F.3d 101, 103 (2d Cir. 2005) (*Blakely* and *Booker*); *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005) (*Booker*); *In re Anderson*, 396 F.3d. 1336, 1339-40 (11th Cir. 2005) (*Blakely* and *Booker*).

Further, this Court determines that Padilla cannot establish prejudice because there is no evidence in the record that his sentence would have been reduced if the district court had applied the guidelines in an advisory rather than mandatory manner. To satisfy this "prejudice" prong, the movant must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Since Padilla cannot establish that the district court would have applied advisory guidelines in a manner that would have provided a reduced sentence, he cannot establish prejudice. Because Padilla cannot establish prejudice, his claim must fail on this ground.

### 8.     Failure To Object To Role In Offense On Appeal

Padilla argues that his attorney provided ineffective assistance of counsel by failing to raise the issue of the enhancement for his role in the offense on appeal. (Traverse at 6). Padilla asserts that he was prejudiced by his counsel's failure to appeal the issue of the

enhancement because without the enhancement his guideline sentencing range would have been between 169 and 210 months rather than between 210 to 262 months. (Traverse at 7).

The prosecution does not specifically address this issue, but an affidavit from counsel, attached as an exhibit to the prosecution's brief, indicates that Padilla's counsel did "file an appeal of defendant's sentence challenging the district court's enhancement of defendant's sentence for his role in the offense." (Pros. Mem.; Ex. B., at 3).

On November 24, 2003, Padilla's attorney filed a Notice of Appeal (CR03-4003, docket no. 70) to the Eighth Circuit Court Of Appeals, challenging both Padilla's conviction and his sentence. On June 22, 2005, the Eighth Circuit Court Of Appeals issued an Opinion (CR03-4003,docket no.94) in this matter. The Eighth Circuit Court of Appeals determined that, although the district court's application of mandatory sentencing guidelines combined with its findings concerning drug quantity and role in the offense, was contrary to the Sixth Amendment as applied in *Booker*, Padilla was not prejudiced by the actions of the district court because there was no indication in the record that the court was inclined to impose a shorter term of imprisonment or that a reduced sentence under the advisory guideline regime was reasonably probable under the circumstances. (CR03-4003, docket no.94 at 2-3).

Assuming, without deciding that Padilla could establish that his counsel's performance was deficient, Padilla must also establish "prejudice" to overcome the presumption of reasonable professional assistance. *Ledezma-Rodriguez*, 423 F.3d at 836; *Davis*, 423 F.3d at 877. To satisfy this "prejudice" prong, Padilla must show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'" *Rice*, 449 F.3d at 897

(again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same). Thus, "'[i]t is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceeding.'" *Pfau v. Ault*, 409 F.3d 933, 939 (8th Cir. 2005) (quoting *Strickland*, 466 U.S. at 693). Although the two prongs of the "ineffective assistance" analysis are described as sequential, courts "do not . . . need to address the performance prong if petitioner does not affirmatively prove prejudice." *Boysiewick v. Schriro*, 179 F.3d 616, 620 (8th Cir. 1999) (citing *Pryor v. Norris*, 103 F.3d 710 (8th Cir. 1997). This court finds that Padilla cannot establish prejudice on this ground because he cannot establish that there is any likelihood, based on the record, that the court would have rejected the role enhancement and would have reduced his sentence under an advisory guideline regime.

9. ***Failure To File Writ Of Certiorari***

Padilla further asserts that his counsel was ineffective by failing to file Writ of Certiorari when requested by Padilla to do so. (Mem. in Support of Motion to Amend, at 7). Again, Padilla argues that, under application of *Booker*, his sentence would have been reduced by the district court. ( Mem. in Support, at 8). The prosecution does not address this argument.

Due process does not guarantee a constitutional right to counsel for a litigant seeking to file a certiorari petition in the United States Supreme Court. *Steele v. United States*, 518 F.3d 986, 988 (8th Cir. 2008) citing *Ross v. Moffitt*, 417 U.S. 600, at 617-618 (1974). A litigant without a constitutional right to counsel cannot "be deprived of the effective assistance of counsel". *Steele v. United States,* 518 F.3d at 988, citing *Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982); See *also Simpson v. Norris*, 490 F.3d 1029, 1033 (8th Cir. 2007) ("where there is no constitutional right to counsel there can be no deprivation of effective assistance."). Because Padilla cannot establish a constitutional right to counsel

with regard to the filing of a Writ of Certiorari, his claim for relief from ineffective assistance of counsel on this ground, cannot succeed.

### 10.    *Inducement To Agree To Transfer To Iowa*

Padilla claims that his attorney provided ineffective assistance of counsel by convincing him to be transported to Iowa from California, where he resided, rather than requesting a transfer pursuant to Federal Rule of Criminal Procedure, 20. (Traverse at 9). Padilla argues that his attorney promised him he would receive a lighter sentence if the case were to proceed in Iowa rather than California. (Traverse at 9).

The prosecution does not directly address this claim. However, the affidavit submitted by Padilla's attorney states, "Had defendant been candid about his participation in the conspiracy, I would have arranged a Rule 20 transfer of his case to the Southern District of California for a negotiated plea." (Mem. Ex. B, at 2). In a letter attached to the attorney's affidavit and addressed to Padilla, the attorney explains that based on Padilla's insistence of much more limited involvement in the offense, the attorney made a recommendation that it would be better to take the case to trial in Iowa, presumably because the attorney felt that a trial on the merits would be unlikely to result in application of the role enhancement. *See* Mem. Ex.B, ex. 1.

"'[S]trategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable.'" *Rice*, 449 F.3d at 897 (quoting *Strickland*, 466 U.S. at 690). Second, "[t]here is a 'strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance.'" *Id.* (quoting *Strickland*, 466 U.S. at 689); *Davis*, 423 F.3d at 877 ("To satisfy this prong [the movant] must overcome the strong presumption that his counsel's conduct fell within the wide range of reasonable professional assistance."). Padilla's counsel indicates that his decision not to apply for a Rule 20 transfer was based on the strategic belief, after consultation with

Padilla, that this was a case that should go to trial.  This decision, under the circumstances, did not fall outside the range of reasonable professional assistance.  Padilla, therefore, cannot establish that his attorney's performance was deficient.  If the movant fails to show deficient performance by counsel, the court need proceed no further in its analysis of an "ineffective assistance" claim.  *United States v. Walker*, 324 F.3d 1032, 1040 (8th Cir. 2003).

However, even if Padilla could demonstrate that his counsel's performance was deficient, he has not demonstrated how he was prejudiced by the failure to apply for a Rule 20 transfer.  Padilla has provided no proof that he had a guarantee of a plea agreement that would have provided him with any different outcome than he received in the United States District Courts of Iowa.  The same set of guidelines would have applied to his case whether he plead guilty in Iowa or California.  Speculation is generally inadequate to "undermine confidence in the outcome" such that it establishes prejudice.  See Goode v. Armontrout, 925 F.2d 239, 240 (8th Cir. 1991) (speculation as to existence of witness and proposed testimony is inadequate).  Padilla cannot, on this record, show "'that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different . . . [,] a reasonable probability [meaning] a probability sufficient to undermine confidence in the outcome.'"  *Rice*, 449 F.3d at 897 (again quoting *Strickland*, 466 U.S. at 694); *Davis*, 423 F.3d at 877 (same).   Because Padilla cannot demonstrate prejudice, his claim will fail on this ground.

### D.  Certificate Of Appealability

Denial of Padilla's § 2255 Motion raises the question of whether or not he should be issued a certificate of appealability for his claims therein.  The requirement of a

certificate of appealability is set out in 28 U.S.C. § 2253(c)(1), which provides, in pertinent part, as follows:

> **(c)(1)** Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from—
>
> * * *
>
> **(B)** the final order in a proceeding under section 2255.

28 U.S.C. § 2253(c)(1)(B); *accord* FED. R. APP. P. 22(b). To obtain a certificate of appealability on claims for § 2255 relief, a defendant must make "a substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003); *Garrett v. United States*, 211 F.3d 1075, 1076-77 (8th Cir. 2000); *Mills v. Norris*, 187 F.3d 881, 882 n.1 (8th Cir. 1999); *Carter v. Hopkins*, 151 F.3d 872, 873-74 (8th Cir. 1998); *Ramsey v. Bowersox*, 149 F.3d 749 (8th Cir. 1998); *Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997), *cert. denied*, 525 U.S. 834 (1998). "A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings." *Cox*, 133 F.3d at 569. Moreover, the United States Supreme Court reiterated in *Miller-El* that "'[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong.'" *Miller-El*, 537 U.S. Ct. at 338 (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

The court finds that Padilla has not made a substantial showing of the denial of a constitutional right on his § 2255 claims. *See* 28 U.S.C. § 2253(c)(2). Specifically, there is no showing that reasonable jurists would find this court's assessment of Padilla's claims debatable or wrong, *Miller-El*, 537 U.S. at 338; *Cox*, 133 F.3d at 569, or that any court

would resolve those issues differently.  *Cox*, 133 F.3d at 569.  Therefore, Padilla does not make the requisite showing to satisfy § 2253(c) on his claims for relief, and no certificate of appealability will issue in this case.  *See* 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b).

### III.  CONCLUSION

Upon the foregoing, defendant Padilla's *Pro Se* Motion Under 28 U.S.C. § 2255 (docket no. 1) is **denied in its entirety**.  This matter is **dismissed in its entirety**. No certificate of appealability will issue for any claim or contention in this case.

**IT IS SO ORDERED.**

**DATED** this 11th day of August, 2009.

MARK W. BENNETT
U. S. DISTRICT COURT JUDGE
NORTHERN DISTRICT OF IOWA